935 P.2d 875

**FARMERS INSURANCE COMPANY OF ARIZONA, Plaintiff/Appellee,**

v.

**John VOSS and Jewell Voss, husband and wife, Defendants/Appellants.**

No. 2 CA–CV 96–0204.

Court of Appeals of Arizona, Division 2.

Oct. 8, 1996.

Review Granted April 29, 1997.

Review Dismissed as Improvidently Granted June 27, 1997.

Broening Oberg Woods Wilson & Cass by James R. Broening and Neal B. Thomas, Phoenix, for Plaintiff/Appellee.

Law Offices of A. Thomas Cole by Terry J. Fong and Kyra Padden Holtzman, Casa Grande, for Defendants/Appellants.

**298**

LIVERMORE, Judge.

John Voss was seriously injured when the car he was driving was struck by a negligent uninsured driver. Voss's car was owned by his employer and he received $15,000 uninsured benefits from his employer's carrier. Voss also was a named insured on four policies issued by plaintiff Farmers Insurance Company, each of which provided uninsured motorist coverage. Farmers paid Voss $30,000 in uninsured motorist benefits. That was the highest coverage of any of the four policies. Farmers declined to pay more because of the following anti-stacking provision contained in each of the policies:

> If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

Farmers brought this declaratory judgment action to hold the clause enforceable. Voss resisted on the ground that the clause failed to comply with the ruling in *State Farm Mutual Automobile Ins. Co. v. Lindsey,* 182 Ariz. 329, 897 P.2d 631 (1995), and that its enforcement would violate public policy and defeat his reasonable expectations as to what he purchased. Voss appeals from an adverse summary judgment. We affirm.

 A.R.S. § 20–259.01(F) provides;

> If multiple policies or coverages purchased by one insured on different vehicles apply to an accident or claim, the insurer may limit the coverage so that only one policy, selected by the insured, shall be applicable to any one accident.

In *Lindsey, supra,* our supreme court held that to prevent stacking the insurer must incorporate the provisions of the statute that permit it to do so and that it must advise the insured of the right to choose the applicable policy in the event of a claim. Voss contends that because no such advice was given here, the anti-stacking clause should be found invalid. We disagree. While selection is not offered, neither is it, as in *Lindsey,* foreclosed. Indeed, selection is implicitly provided by the limitation to the single policy having the highest limits. It is only if the insured has a choice and thus might choose multiple policies that a dispute could arise. The limitation to the single policy having the highest limits specifies what the insured would naturally choose and forecloses stacking.

The remaining arguments are meritless. What the legislature expressly permits, an anti-stacking provision, cannot be found against public policy. That Voss believes stacking would be better public policy is immaterial. Neither can it be said that a claim under the reasonable expectations doctrine of *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 682 P.2d 388 (1984), is supportable on this record. There was nothing said or done by Farmers that would suggest stacked coverage. The insured stated that he never read the policies and just assumed that he had multiple coverage. That is insufficient. One is not free to manufacture the contract terms he wishes he had and ignore those that were provided. When the term at issue is one specifically authorized by statute, it cannot be characterized as unusual or unexpected. Neither can this provision be said to emasculate apparent coverage. *Averett v. Farmers Ins. Co.,* 177 Ariz. 531, 869 P.2d 505 (1994).

Affirmed.

PELANDER, P.J., and FLOREZ, J., concur.